UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| MARK YATES, | CASE NO. 1:05 CV 2287 |
| Plaintiff, | JUDGE PATRICIA A. GAUGHAN |
| v. | |
| HURON COUNTY JAIL, et al., | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | |

On September 27, 2005, plaintiff pro se Mark Yates, an inmate at the Huron County Jail, filed this action against the Huron County Jail, Richard Sutherland, and Virgil Valentine. The complaint contains general allegations concerning the conditions of Yates's confinement, including: 1) inadequate grievance system, 2) inadequate diet, 3) lack of materials to send mail, 4) denial of work release in retaliation for grievances, 5) lack of medical training of staff who pass out medications, and 6) untimely processing of his court financial application.

A prisoner must allege and show that he has exhausted all available administrative remedies before filing a civil rights action in federal court to challenge the conditions of his confinement. 42 U.S.C. §1997e; Wyatt v. Leonard, 193 F.3d 876, 878

(6th Cir. 1999); Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1998), cert. denied, 525 U.S. 833 (1998).

To establish that he exhausted his remedies prior to filing suit, the prisoner must plead his claims with specificity and show that he has exhausted his administrative remedies with respect to each allegation against each defendant by attaching to the complaint a copy of the applicable administrative dispositions or, in the absence of written documentation, describing with specificity the administrative proceedings and their outcomes. Knuckles-El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). The prisoner must exhaust each specific claim against each defendant named in the complaint to satisfy the exhaustion requirement. See Curry v. Scott, 249 F.3d 493, 504-05 (6th Cir. 2001).[1]

Although plaintiff indicates he has pursued administrative remedies, no copies of grievances and their disposition are attached. Further, plaintiff provides few specifics concerning the dates and contents of grievances and the identities of the parties against whom specific grievances were asserted. The complaint must therefore be dismissed. Brown, 139

---

[1] See also, Lyons-Bey v. Curtis, No. 01-1574, 2002 WL 203214 (6th Cir. Feb. 7, 2002)(indicating that plaintiff must exhaust each separate claim raised in his complaint); Fuller v. Calvin, No. 01-1814, 2002 WL 21998 (6th Cir. Jan. 4, 2002)(finding that plaintiff must present documents to the court indicating that he filed a grievance against each of the named defendants for the specific misconduct alleged in the complaint); Vandiver v. Martin, No. Civ. A.01-CV-71510-DT, 2002 WL 482549, slip op. (E.D. Mich. Mar. 5, 2002)(finding that the issues plaintiff raises in his complaint are limited to the specific issues and the specific individuals named in plaintiff's grievances).

F.3d at 1104.

Accordingly, this action is dismissed without prejudice pursuant to 42 U.S.C. § 1997e. Further, the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 11/28/05